# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50019
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2018

Lyle W. Cayce
Clerk

JOHN STEPHEN THORNE,

Plaintiff - Appellant

v.

UNION PACIFIC CORPORATION; UNION PACIFIC RAILROAD
COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-561

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant John Thorne sued Defendants-Appellees (1) Union
Pacific Corporation and (2) Union Pacific Railroad Company, together "Union
Pacific" or "Defendants," seeking a declaratory judgment establishing the
value of stock he allegedly owns in Defendants' corporations. Plaintiff claims
that he owns a stock certificate issued in 1859 by the Southern Pacific Railroad

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-50019

Company and that this certificate now entitles him to stock in Union Pacific. The parties filed cross-motions for summary judgment in the district court. Following oral argument on the motions, the district court granted Defendants' motion on the ground that Plaintiff's claims are barred by laches. Plaintiff now appeals that decision.

Plaintiff limits his arguments on appeal to the following: (1) The district court erred in granting summary judgment for Defendants based on laches, and (2) "The [d]istrict [c]ourt erred in concluding that Plaintiff did not conclusively establish that Defendants provided only one reason . . . for rejecting Plaintiff's tender of the [Stock] Certificate."

We review a district court's grant of summary judgment *de novo*.[1] When we do so, however, the district court "enjoys considerable discretion in deciding whether to apply the doctrine of laches."[2] "As long as the district court applies the correct legal standard on summary judgment and does not resolve disputed issues of material fact against the nonmovant, its determination of whether the undisputed facts warrant an application of laches is reviewed for abuse of discretion."[3] "Under Texas law[,] the two elements of laches are '(1) unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay.'"[4]

We have reviewed in detail the entire record on appeal, including the parties' briefs and the record excerpts. We note that the following facts relating to Plaintiff's delay are undisputed: (1) Plaintiff's family was aware no later

---

[1] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 707 (5th Cir. 1994).

[2] *Id.*

[3] *Id.*

[4] *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1082 (5th Cir. 1997) (quoting *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989)).

## No. 18-50019

than 1933 that court action would likely be required to recognize the stock certificate, (2) Plaintiff was given the stock certificate no later than 2007, (3) Plaintiff began working on this lawsuit in 2010; but (4) Plaintiff did not file the instant suit until 2015.

We agree with the district court that Defendants met their burden to demonstrate that Plaintiff and his family "unreasonably delayed in asserting their rights." We also agree that Defendants' "ability to defend against the claim has been impaired"[5] by this delay and the resulting unavailability of witnesses.

The district court's analysis and conclusions regarding the application of laches to this matter are clearly correct and free of reversible error.[6] We need not and therefore do not reach Plaintiff's second argument; rather, we affirm the judgment of the district court.

AFFIRMED.

---

[5] *De Benavides v. Warren*, 674 S.W.2d 353, 362 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.).

[6] We do not address the district court's analysis and conclusions regarding the statute of limitations.

3